IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**CHRISTINE GILLINS,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:20-cr-00115-CW<br><br>**District Judge Clark Waddoups** |

Before the court are Defendant Christine Gillins' ("Ms. Gillins") Motion to Reinstate Period for Filing a Direct Appeal[1] and Motion for Stay of Sentencing Pending Appeal.[2] The Government opposes the motions.[3] No reply memorandum has been filed and the time to do so has expired. For the reasons explained below, Ms. Gillins' motion to reinstate the appeal period is denied as untimely and her motion to stay sentencing pending appeal is denied as moot as sentencing has already occurred.

## BACKGROUND

Ms. Gillins pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 as part of a pre-indictment resolution on January 20, 2021.[4] In her plea agreement and during her plea colloquy, Ms. Gillins acknowledged stealing more than $1.6 million from her former employer

---

[1] ECF No. 28. The court construes Ms. Gillins' motion as a notice of intent under Rule 4(b)(1) and/or request for extension of time to file appeal under Rule 4(b)(4) of the Federal Rules of Appellate Procedure.

[2] ECF No. 29.

[3] ECF No. 37.

[4] ECF No. 10.

Lower Foods, Inc.[5] Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed to a sentencing range of 0-28 months in exchange for Ms. Gillins' guilty plea.[6] Ms. Gillins also agreed to waive her right to appeal provided the court imposed a sentence within the agreed upon range.[7]

The court imposed a custodial sentence, within the agreed upon range, of 28 months on April 14, 2021,[8] and entered judgment the next day on April 15, 2021.[9] On June 7, 2021, fifty-three days after her sentence was entered, Ms. Gillins filed the instant motions to appeal and stay sentencing.[10] Despite being represented by counsel Robert Hunt, Ms. Gillins filed the motions *pro se*. Two days later, on June 9, 2021, Mr. Hunt requested, and was permitted, to withdraw as counsel.[11] Five days later, on June 14, 2021, new counsel, Julie George, was appointed to represent Ms. Gillins.[12] The Government was instructed to, and did, file a response to the motions on June 18, 2021.[13] Neither Ms. Gillins, nor her attorney, Ms. George, replied to the Government's opposition memorandum.

---

[5] ECF No. 13 at 3.

[6] *Id*. at 4.

[7] *Id*. at 4-5.

[8] ECF No. 25.

[9] ECF No. 26.

[10] ECF Nos. 28, 29.

[11] ECF Nos. 31, 32.

[12] ECF Nos. 32, 34.

[13] ECF Nos. 30, 37.

## DISCUSSION

The Federal Rules of Appellate Procedure govern appeals in criminal cases and, thus, guide the court's analysis herein. Rule 4(b)(1) provides that, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of the judgment or order being appealed." Fed. R. App. P. 4(b)(1)(A)(i). Ms. Gillins' notice of appeal therefore had to be filed by April 29, 2021. The court may extend that 14-day period but its authority to do so is strictly limited. *See, e.g., United States v. Verdin-Garcia*, 707 F. App'x 559, 560 (10th Cir. 2017) (holding that the district court did not have authority to grant the motion to file an out-of-time appeal). Specifically, Rule 4(b)(4) provides that, "[u]pon a finding of excusable neglect or good cause, the district court may . . . extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by [ ] Rule 4(b)." Fed. R. App. P. 4(b)(4). Thus, the latest the court could have extended the time for Ms. Gillins to file a notice of appeal in this case was May 31, 2021.[14]

Unlike in civil cases, a timely appeal in a criminal case is not jurisdictional, but rather an inflexible claim-processing rule. *United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008). Thus, a criminal defendant's failure to file a timely notice of appeal does not deprive the court of jurisdiction. If, however, the Government properly invokes the time bar in Rule 4(b), the court must grant relief. *Id*. (explaining that although Rule 4(b) is no longer jurisdictional "the time bar in Rule 4(b) *must be enforced* by this court when properly invoked by the government" (emphasis added)); *see, e.g., United States v. Randall*, 666 F.3d 1238, 1241-43

---

[14] Thirty days from April 29 is May 29, 2021; however, the time for appeal would have been extended to May 31 because May 29, was a Saturday. Fed. R. App. P. 26(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

(10th Cir. 2011); *United States v. Garduño*, 506 F.3d 1287, 1291-92 (10th Cir. 2007); *United States v. Lara*, No. 20-6133, 2020 WL 8729680, at *1 (10th Cir. Oct. 1, 2020); *United States v. Fernandez*, 690 F. App'x 628, 629 (10th Cir. 2017); *Verdin-Garcia*, 707 F. App'x at 561; *United States v. Green*, 625 F. App'x 901, 904, 907 (10th Cir. 2015).

Ms. Gillins was sentenced, and judgment was entered against her on April 15, 2021. The time to appeal expired 14 days later, on April 29, 2021. Ms. Gillins did not file her motion to appeal until June 7, 2021, fifty-three days after it was due. Ms. Gillins' motion to appeal is thus untimely. An extension of time under Rule 4(b)(4) is unavailable in this case for two reasons: first, the motion falls outside the 30-day extension period in which to file and, second, the latest possible deadline the court could have accommodated under Rule 4(b)(4) was May 31, 2021, which the motion exceeds. Fed. R. App. P. 4(b)(4) (stating "the district court may extend the time to file a notice of appeal for a period *not to exceed 30 days* from the expiration of the time otherwise prescribed" (emphasis added)). Moreover, even if Ms. Gillins had timely filed the motion, the request for extension would be denied because Ms. Gillins has not attempted to explain her tardiness let alone demonstrate excusable neglect or good cause. Because the Government properly invoked Rule 4(b)'s time bar by objecting to Ms. Gillins' untimely request in its response memorandum, the court is bound to deny the request. Additionally, because sentencing took place on April 14, 2021, Ms. Gillins' motion for stay of sentencing pending appeal is moot.[15]

---

[15] Unfortunately for Ms. Gillins, as explained above, "the district court [does] not have authority to grant the motion to file an out-of-time appeal," *Verdin-Garcia*, 707 F. App'x at 560, however, "[i]f legitimate grounds for setting aside a conviction or sentence arise . . . , they can be brought under 28 U.S.C. § 2255" within a year, *Randall*, 666 F.3d at 1242.

4

## ORDER

Based on the foregoing, Ms. Gillins' Motion to Reinstate Period for Filing a Direct Appeal[16] is **DENIED** and the Motion for Stay of Sentencing Pending Appeal[17] is **DENIED AS MOOT**.

DATED August 6, 2021.

BY THE COURT:

CLARK WADDOUPS
United States District Judge

---

[16] ECF No. 28.

[17] ECF No. 29.